UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-HC-2183-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HERBERT OVERTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's 11 April 2013 *pro se* motion for "immediate release." (DE # 23.) In 2011, respondent was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246(d).

Once an individual has been committed pursuant to 18 U.S.C. § 4246(d), there are only two methods by which that person may be deinstitutionalized. Under one method, the director of the facility in which the respondent is hospitalized may file a certificate with the court stating that the respondent is no longer in need of care:

> When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment.

18 U.S.C. § 4246(e). The other method by which a person may be deinstitutionalized is set forth in 18 U.S.C. § 4247(h):

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to [18 U.S.C. § 4246(e)], counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility . . . .

Here, respondent himself filed the motion. However, as demonstrated above, only the respondent's attorney[1] or guardian may formally request a hearing to determine whether the respondent should continue treatment in a psychiatric facility in the absence of a certificate from the director of the facility. The respondent himself may not make such a request *pro se*, nor may the district court conduct such a hearing *sua sponte*. See United States v. Hunter, 985 F.2d 1003, 1006 (9th Cir.), vacated as moot, 1 F.3d 843 (9th Cir. 1993); United States v. Logsdon, No. 06-10003-MLB, 2012 WL 359903, at *1 (D. Kan. Feb. 2, 2012); United States v. Nakamoto, 2 F. Supp. 2d 1289, 1290 (D. Haw. 1998). Thus, for the foregoing reasons, respondent's *pro se* motion for immediate release (DE # 23) is DENIED. In addition, to the extent that respondent's supporting documentation (DE # 23-1) could be construed as a motion seeking reconsideration of the court's 5 December 2011 commitment order, the motion is DENIED.

Furthermore, to the extent that respondent's 1 May 2013 letter (DE # 24) could be construed as a motion for release, or, in the alternative, as a motion for a transfer to a different federal facility, it is also DENIED. Even if the court had authority to enter an order transferring respondent to another facility, there are a myriad of administrative variables to be considered in making a housing assignment, most of which are outside of the scope of this litigation. Such matters fall within the expertise of the Federal Bureau of Prisons and outside the usual purview of this court.[2] See Bell v. Wolfish, 441 U.S. 520, 562 (1979) (warning courts against becoming "enmeshed in the minutiae of prison operations").

---

[1] Respondent is represented by the Office of the Federal Public Defender with regard to matters connected to his commitment.

[2] In both of his letters, respondent also complains that he has been involuntarily medicated and illegally overdosed with medication. This is not the proper forum for respondent to raise claims relating to the conditions of his civil commitment. As a result, the court has not considered respondent's claims with respect to these issues.

This 2 May 2013.

                                              W. Earl Britt  
                                              Senior U.S. District Judge